■ SHARON GIARDINA, Respondent, v PARKVIEW COURT HOMEOWNERS' ASSOCIATION, INC., et al., Appellants. ROBERT CARNEY, Also Known as ROBERT CRAMER, et al., Third-Party Plaintiffs, v O.M. SCOTT & SONS COMPANY, Third-Party Defendant-Appellant. PARKVIEW COURT HOMEOWNERS' ASSOCIATION, INC., Third-Party Plaintiff, v SIBLEY REAL ESTATE SERVICES, INC., Third-Party Defendant-Appellant. [680 NYS2d 354] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of defendant Parkview Court Homeowners' Association, Inc. to dismiss the complaint against it and the motion of defendants Robert Carney, also known as Robert Cramer, and Claire Carney, also known as Claire Cramer, and the cross motion of third-party defendant O.M. Scott & Sons Company (O.M. Scott) for summary judgment dismissing the complaint against the Carneys. CPLR 214-c may not be invoked to bar plaintiff's action based upon Robert Carney's alleged trespass on plaintiff's property on April 11, 1988. Plaintiff's action based upon that trespass was timely commenced, and plaintiff is entitled to recover damages for any injuries that she can prove were attributable to that trespass.

O.M. Scott's reliance upon *Jensen v General Elec. Co.* (82 NY2d 77) is misplaced. In *Jensen*, defendant General Electric Company had stopped dumping chemicals in 1969, plaintiffs discovered that their property was contaminated in 1986, and the Court of Appeals held that plaintiffs were required to commence an action within three years of discovery. The Court held that plaintiffs could not rely upon a continuous tort theory to extend the time within which the lawsuit must be commenced. Here, by contrast, plaintiff does not rely upon a continuous tort theory, but rather, alleges distinct acts of trespass by Robert Carney, the last of which occurred within the three-year Statute of Limitations. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.